UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLIN McDONALD,

       Plaintiff,                          Case No. 2:16-cv-10512
                                              Judge Sean Cox
v.                                                 Magistrate Judge Anthony P. Patti

AUGUSTA, CHARTER
TOWNSHIP OF
WASHTENAW COUNTY,
MICHIGAN,

       Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S SEPTEMBER 21, 2016 MOTION TO STRIKE (DE 12)**

      Currently before the Court is Defendant's September 21, 2016 motion to strike. (DE 12.) Plaintiff filed a response on October 2, 2016. (DE 13.) Judge Cox then referred this motion to me for hearing and determination. (DE 14.) Defendant filed a reply on October 7, 2016 (DE 15), and I issued a notice that same date setting the matter for hearing on October 19, 2016. (DE 16.) The parties filed their joint list of unresolved issues on October 17, 2016, which primarily focused on Defendant's alternate request for relief—extending discovery and Defendant's expert witness disclosure deadlines in lieu of striking Plaintiff's expert. (DE 17.) Judge Cox subsequently issued an order referring all non-dispositive pretrial proceedings to me. (DE 18.)

On the date set for hearing, attorney Daniel Finley appeared on Plaintiff's behalf, and attorney Nancy Vayda Dembinski appeared on behalf of Defendant. Consistent with my findings and reasoning stated on the record, which are hereby incorporated by this order as though restated herein, Plaintiff's September 21, 2016 motion to strike (DE 12), as narrowed by the October 17, 2016 list of unresolved issues (DE 17), is **GRANTED IN PART** and **DENIED IN PART,** with each remaining issue decided as follows:

1. **Request to Strike Carolyn Grawi's Expert Report and Opinions Under Fed. R. Civ. P. 37(c)(1):** Carolyn Grawi's expert report and opinions will not be stricken at this time. Instead, by October 28, 2016, Grawi must prepare, and Plaintiff must submit, a supplement to her original report in order to bring that report into full compliance with Fed. R. Civ. P. 26, as will discussed more fully in section 3 *infra*. However, Grawi's report will be stricken and she will be prohibited from testifying as a witness if her extant report is not supplemented properly and fully by October 28, 2016.

2. **Request to Impose Sanctions on Plaintiff under Fed. R. Civ. P. 37(c)(1)(A) or (C):** No sanctions will be imposed because the Court finds that Plaintiff's failure to submit a fully compliant, timely expert report was primarily the fault of the expert, not Plaintiff or his counsel, and other circumstances make an award of expenses unjust for reasons stated on the record.

3. **Alternative request to compel Plaintiff to provide all written expert reports and supplement his discovery answers that rely or reference the expert reports:** By October 28, 2016, Plaintiff shall provide a supplemental report from Carolyn Grawi. That supplemental report shall include:

a) Grawi's "qualifications, including a list of all publications authored in the previous 10 years," as required by Fed. R. Civ. P. 26(a)(2)(B)(iv);

b) "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or deposition," as required by Fed. R. Civ. P. 26(a)(2)(B)(v); and

c) "a statement of the compensation to be paid for the study and testimony in the case," as required by Fed. R. Civ. P. 26(a)(2)(B)(vi).

Moreover, Carolyn Grawi shall be the only expert witness Plaintiff is permitted to offer and Grawi's extant report, and the forthcoming supplement thereto, shall be the only expert report submitted/relied upon by Plaintiff.

4. **Alternative request to amend Plaintiff's Complaint and discovery responses to address newly raised allegations under ADA in Carolyn Grawi's expert report:** The Court finds the proposed new deadlines submitted by the parties in their joint list to be reasonable and proper. The Court cautions counsel, however, that these deadlines are firm and the Court will not grant any future requests for extensions of time. The Scheduling Order (DE 9) is amended as follows:
   a) On or before October 28, 2016, Plaintiff will amend his Complaint per Fed. R. Civ. P. 8(a)(2) to include any additional claimed ADA violations per Carolyn Grawi's September 2016 report and the forthcoming supplement thereto;
   b) Defendant shall have until December 31, 2016 to identify expert witness(es), and provide disclosure required by Fed. R. Civ. P. 26(a)(2), in order to address all claimed ADA violations set forth in Carolyn Grawi's expert report and/or Plaintiff's forthcoming amended complaint;
   c) Discovery shall be completed by January 31, 2017;
   d) Motions shall be filed by March 3, 2017;
   e) The February 27, 2017 final pretrial conference and March/April 2017 bench trial are each adjourned. New dates for the final pretrial conference and bench trial will be established by subsequent order of the Court.

3

5. **Request to Impose Sanctions on Plaintiff under Fed. R. Civ. P. 37(c)(1)(A), or (C), Fed. R. Civ. P. 37(d)(1)(A)(ii), and/or Fed R Civ. P 37(d)(3):** As previously discussed in section 2, *supra,* no sanctions will be imposed because the Court finds that the failure to submit a fully compliant, timely report was primarily the fault of the expert, Carolyn Grawi, and not Plaintiff or his counsel, and other circumstances make an award of expenses unjust for reasons stated on the record.

**IT IS SO ORDERED.**

Dated:  October 21, 2016         s/ Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 21, 2016, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti